EDGAR KLEINHANS, Respondent, *v.* CANADIAN PACIFIC RAILWAY COMPANY, Appellant.

First Department, December 1, 1922.

Sales — action by purchaser of goods to recover from carrier damage to goods in transit — goods shipped on order bill of lading — plaintiff paid draft after inspecting goods and discovering damage — title to goods not in plaintiff at time damage occurred and he cannot maintain action — Personal Property Law, § 101, subd. 2, construed.

A purchaser did not have title to goods at the time they were damaged in transit and, therefore, cannot recover damages from the carrier, where it appears that the goods were shipped on an order bill of lading; that the bill of lading with sight draft attached was forwarded through banks; and that the purchaser, after inspecting the goods and discovering the damage, paid the draft and received the bill of lading.

The special interest in the goods shipped, which the purchaser had under subdivision 2 of section 101 of the Personal Property Law, was not such as to entitle him to maintain the action.

APPEAL by the defendant, Canadian Pacific Railway Company, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 21st day of March, 1922, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in favor of the defendant.

*Hardin & Hess* [*Bertram L. Fletcher* of counsel], for the appellant.

*Hamilton Anderson* [*Francis J. Byrne* of counsel], for the respondent.

FINCH, J.:

The facts in so far as necessary to direct attention to the points determined upon this appeal, are briefly as follows: Plaintiff was the purchaser of a carload of potatoes in Maine. The potatoes were shipped to New York and a bill of lading taken in the name of the vendor, with directions to notify plaintiff and containing a clause allowing examination. Said bill of lading was delivered to a bank together with a draft on plaintiff on which draft the bank indorsed " Deliver goods only on payment of draft," and forwarded the same together with the bill of lading through correspondent banks for collection. Plaintiff examined the potatoes and found that many of them had sprouted because of the fact that the car had been overheated. He paid the draft, however, accepted the potatoes, and brought this action against the carrier to recover his damage. From the foregoing it is clear that the property in the potatoes was not in the plaintiff when the damage occurred, since the facts show a controlling intention that title should not pass until the draft was paid. (*Procter & Gamble Co. v. Peters, White & Co.*, 187 App. Div. 376; *Boss v. Hutchinson*, 182 id. 88; *Canadian Northern Ry. Co. v. Northern Miss. Ry. Co.*, 209 Fed. Rep. 758, 761.) Respondent claims title under section 101, subdivision 2, of the Personal Property Law (as added by Laws of 1911, chap. 571) wherein it is provided: " Where goods are shipped, and by the bill of lading the goods are deliverable to the seller or his agent, * * * the seller thereby reserves the property in the goods. But if, except for the form of the bill of lading, the property would have passed to the buyer on shipment of the goods, the seller's property in the goods shall be deemed to be only for the purpose of securing performance by the buyer of his obligations under the contract." This section, however, has been construed as giving the buyer only a special interest in the goods shipped, very different from the general interest a buyer gets when title passes, the court saying: " Whatever may be the purpose of such a reservation, it seems to me clear that the property cannot be reserved and at the same time pass to the buyer. The buyer does not get the general property in the goods." (*Rosenberg Bros. & Co. v. Buffum Co., Inc.*, 199 App. Div. 482, 486.) Since it appears, therefore, that the plaintiff did not have title to the goods at the time the damage occurred, and there is no evidence of any assignment to him of the claim for such damage, he cannot maintain the action. (*Dows v. Cobb*, 12 Barb. 310; *St. Louis & San Francisco R. R. Co. v. Allen*, 31 Okla. 248; 120 Pac. Rep. 1090; 39 L. R. A. [N. S.] 309.) Attention has been directed to the case of *Merchants Bank v. U. R. R. & T. Co.* (69 N. Y. 373) as overruling the principle stated in *Dows v. Cobb (supra).* Said case, however, involved only

the right of the owner of a bill of lading to receive the goods represented thereby, which obviously is distinct from a claim arising in connection with said goods while they were owned by a person other than the owner of the bill of lading.

It follows that the determination of the Appellate Term should be reversed, with costs in this court and in the Appellate Term, and the judgment of the Municipal Court affirmed.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Determination reversed, with costs and disbursements in this court and in the Appellate Term, and judgment of Municipal Court affirmed.